UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WINFRED WILLIS,   CASE NO.: CV416-214

    Plaintiff,

vs.

SOUTH CAROLINA
INVESTMENT VII, INC., A
GEORGIA CORPORATION, AND
SOUTH CAROLINA
INVESTMENT X, INC., A
GEORGIA CORPORATION,

    Defendants.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WINFRED WILLIS, by and through the undersigned attorney, sues the Defendants, SOUTH CAROLINA INVESTMENT VII, INC., a Georgia Corporation, and SOUTH CAROLINA INVESTMENT X, INC., a Georgia Corporation, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff worked for Defendants from August 2015 to January 2016 as a server at their IHOP restaurants.

3. Plaintiff worked for Defendants in Chatham County, Florida.

4. Defendant, SOUTH CAROLINA INVESTMENT VII, INC., is a Georgia Corporation which operates an IHOP restaurant in Savannah, Georgia and is therefore within the jurisdiction of this Court.

5. Defendant, SOUTH CAROLINA INVESTMENT X, INC., is a Georgia Corporation that operates an IHOP restaurant in Pooler, Georgia and is therefore within the jurisdiction of this Court.

6. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendants, Defendants each earned more than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendants, Defendants each employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were computers, cash registers, telephones, food items, drink items, restaurant equipment, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

11. Therefore, Defendants are each considered an enterprise covered by the

FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

12. Additionally, Plaintiff was individually covered under the FLSA by his daily running of credit card and debit card transactions which transact business in interstate commerce.

## FLSA VIOLATIONS

13. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff for all hours worked.

14. During his employment with Defendants, Plaintiff worked at two different IHOP locations; one in Savannah, Georgia and the other in Pooler, Georgia.

15. Plaintiff routinely worked between 60-70 hours per week on behalf of Defendants.

16. However, even though Plaintiff routinely worked overtime hours, Defendants would cut Plaintiff's hours so that they paid him for less hours than he actually worked.

17. Even Plaintiff's supervisors would edit Plaintiff's time in the time-keeping system to reflect less hours than Plaintiff actually worked.

18. As a result of this practice, Plaintiff was not paid overtime compensation for all overtime hours worked by Defendants.

19. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff is in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

20. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19 above.

21. Plaintiff was entitled to be paid overtime compensation for overtime hours worked for Defendants.

22. During his employment with Defendants, Plaintiff worked overtime hours but was not paid full and complete overtime compensation for all overtime hours worked which Plaintiff worked. *See* ¶¶ 15-18.

23. Defendants did not have a good faith basis for their decision to not pay Plaintiff for all hours worked by him during his employment with Defendants.

24. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff full and complete overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

25. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

26. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, WINFRED WILLIS, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this __ day of August, 2016.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 245-3401
Email:    RMorgan@forthepeople.com
*Attorneys for Plaintiff*

## 28 U.S.C. § 1746 Declaration Under Penalty of Perjury

I, WINFRED WILLIS, declare under penalty of perjury that the foregoing is true and correct.

Dated this 23 day of July, 2016.

*Winfred Willis*
WINFRED WILLIS